IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHARON PANCHO, | ) | Civ. No. 08-00210 JMS-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDING & RECOMMENDATION |
| vs. | ) | THAT MOTION FOR REMAND |
| | ) | BE GRANTED |
| MCDONALD'S RESTAURANTS OF HAWAII, INC.; ROMEO RAMELB; JOHN DOES 1-5; and JANE DOES 1-5, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

FINDING & RECOMMENDATION THAT MOTION FOR REMAND BE
<u>GRANTED</u>

Now before the Court is the motion of Plaintiff Sharon Pancho ("Pancho") to remand her case to state court. This motion was heard on July 17, 2008. After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, the Court RECOMMENDS that the Court decline to exercise supplemental jurisdiction over Pancho's remaining state law claims, and that on this ground, recommends that Pancho's motion be GRANTED.

Pancho filed her complaint in state court on April 9, 2008, claiming disability discrimination under both Hawaii law as well as the Americans with Disabilities Act ("ADA"), as well as intentional infliction of emotional distress. On May 8, 2008, Defendant McDonald's Restaurants of Hawaii ("Defendant") removed the case to this Court. On July 17, 2008, the Court granted Pancho's motion to amend her complaint so as to eliminate her federal claims. Pancho now requests that the Court decline to exercise supplemental jurisdiction over the state law claims, and remand the case to state court.

District courts are authorized to exercise supplemental jurisdiction over state law claims which "are so related to claims" over which they have original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). District courts may decline to exercise such supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstance, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Supplemental jurisdiction is a doctrine of discretion, not of a

plaintiff's right.  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  In declining to exercise supplemental jurisdiction, "a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness, and comity."  Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (internal quotations and alterations omitted).

Generally, when "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Gibbs, 383 U.S. at 726.  Although the Supreme Court has stated that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it has also recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, all claims over which this Court had original jurisdiction have now been eliminated. Accordingly, it is RECOMMENDED that the Court decline

to exercise supplemental jurisdiction over the remaining state law claims.  This case has barely begun, and Defendant will incur no prejudice by returning to state court. Pancho is the master of her claims: if she wishes to proceed with only her state law claims, it would be unfair, at this early stage in the proceedings, to force her to litigate them in federal court.

    IT IS SO FOUND & RECOMMENDED.



        /s/ Barry M. Kurren
        United States Magistrate Judge
        Dated: July 21, 2008

Pancho v. McDonald's Restaurants of Hawaii, Inc.; Civ. No. 08-00210 JMS BMK; FINDING & RECOMMENDATION THAT MOTION FOR REMAND BE GRANTED.